UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN LAVELL CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV420 AGF |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Kevin Carter for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action against the Internal Revenue Service ("IRS"). Plaintiff alleges that he was unfairly denied the Earned Income Credit in 2005. Plaintiff seeks the amount of the tax credit plus monetary damages for emotional distress.

**Discussion**

Unless Congress has specifically authorized an agency of the federal government, such as the IRS, to be sued in its own name, an action may not be maintained against that agency. Blackmar v. Guerre, 342 U.S. 512, 515 (1952). Congress has not specifically authorized suit against the IRS. Therefore, it is not a suable entity. See, e.g., Coyne v. IRS, 2010 U.S. Dist. LEXIS 134780 at *5, 4:10CV2202 CDP (E.D. Mo. 2010) ("the IRS as an agency cannot be subject to suit"); Higgins v. United States, 2003 U.S. Dist. LEXIS 11553, 2003 WL 21693717 at *1

(E.D.N.Y. 2003) (holding that IRS was not subject to suit in its own name); Frasier v. Hegeman, 607 F. Supp. 318 (N.D.N.Y. 1985) (holding that a suit against the IRS is a suit against the United States). Because plaintiff has sued the IRS by name, the complaint is legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 24th day of May, 2011.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE